

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John C. Bianchi
County Auditor
Victoria County
Victoria, Texas

Dear Sir:

Opinion No. O-7114

Re: Is it the duty of the
district clerk or of the
county to pay for addi-
tional help needed due to
the absence of said dis-
trict clerk because of an
accident.

Your letter of recent date requesting an opinion from
this department on the above subject matter is as follows:

"On or about December 23, 1945, the District
Clerk of Victoria County met with an accident,
by reason of falling out of his auto. He has
been out of his office since the above date, and,
will probably be out for four months or longer
still. Since this has happened, we have continued
his regular monthly pay, but the expenses of his
office have increased by virtue of having to hire
an extra deputy and, by virtue of increasing the
pay of his regular deputy. Is it not the duty of
the District Clerk to maintain the functioning of
his office, without this additional expense on the
Officers' Salary Fund of the County."

According to the 1940 Federal Census, Victoria County
has a population of 23,741 and the county officials are there-
fore compensated on the salary basis.

In 34 Texas Jurisprudence 513,514, it is stated:

555

"The salary or emoluments are incident to the title to the office and not to its occupation or the performance of official duties. In order to recover the amount, the officer is not required to show that he has discharged the duties of the office; nor is he precluded from recovering by the fact that he has been wrongfully deprived of the right to perform the services or that another person has performed them. Thus an officer who has been wrongfully removed from office may recover the salary or emoluments of the office; and an officer de jure may recover the amount from a de facto officer to whom the money has been paid."

This department has repeatedly held that no vacancy is created where a county official, without resigning, volunteers or is drafted into the military service of the United States, nor is he prohibited from drawing his salary from the Officers' Salary Fund. See our Opinion No. O-5791, a copy of which is herewith enclosed. It is our opinion that the same rule is true where a district clerk is absent from his office by reason of an accident. Therefore, it is our opinion that the district clerk is entitled to his full salary.

Article 3902, Vernon's Annotated Civil Statutes, provides in part, as follows:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to

Hon. John C. Bianchi, page 3

influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

"* * *"

We quote from Opinion No. O-5388 of this department as follows:

"It is our opinion that it is discretionary with the commissioners' court as to whether it will authorize the employment of extra or additional deputies, assistants and clerks for the various county officials during the time the regular deputies, assistants and clerks may be on vacations. In the absence of authorization of the commissioners' court as outlined by Article 3902, V. A. C. S., supra, such extra help could not be paid for from the Officers' Salary Fund of the county. On the other hand if properly authorized by the commissioners' court under Article 3902, V. A. C. S., supra, such additional deputies, clerks and assistants would be entitled to be paid from the Officers' Salary Fund of your county." (emphasis ours)

It is our opinion that if the extra deputy and the increase in pay of the regular deputy have been allowed by the commissioners' court, same is payable out of the Officers' Salary Fund of your county. It is our further opinion that it is not the duty of the district clerk to pay for this additional help.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By J. C. Davis, Jr.
J. C. Davis, Jr.
Assistant

By John Reeves
John Reeves

APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN